**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STELLA WINSTEL**
**8752 Jamey Court**
**Powell, Ohio 43065**

**Plaintiff**

**v.**

**LINCOLN NATIONAL LIFE INSURANCE COMPANY**
**8801 Indian Hills Drive**
**Omaha, Nebraska 68114**

**Defendant.**

**Case No. 2:26-cv-240**

**Judge**

**Magistrate Judge**

## COMPLAINT

For her Complaint against the Defendant, Lincoln National Life Insurance Company ("Lincoln"), Plaintiff Stella Winstel states as follows:

1. The Plaintiff, Stella Winstel, was at all relevant times the wife and beneficiary of Nathan Winstel, an employee of Insight Direct U.S.A. ("Insight") and a participant in the employee welfare benefit plan (the "Plan") established and maintained by Insight under the provisions of the Employee Retirement Income Security Act ("ERISA") for the purpose of paying employee benefits.

2. The Defendant, Lincoln, under the terms of Group Life Insurance Policy No. SA3-890-LF1196-01 (the "Policy"), is the insurer and claims administrator of the Plan, and is responsible for the adjudication of payment of the accidental death benefits at issue in this case. Thus, Lincoln has a conflict of interest, and the degree to which Lincoln was influenced in protecting its own assets in the adjudication of Plaintiff's claim must be considered when determining whether its denial of benefits was proper.

3. Plaintiff's claims arise under ERISA. Jurisdiction is based on 29 U.S.C. § 1132.

4. The Plan is administered, in part, in Franklin County, Ohio. Venue is appropriate in the Eastern Division of the Southern District of Ohio.

5. Nathan Winstel was employed by Insight.

6. As an employee of Insight, Nathan was eligible to participate in the Plan, a component of which were Accidental Death and Dismemberment ("AD&D") benefits.

7. The Policy provided AD&D benefits for beneficiaries of eligible participants of the Plan.

8. Nathan named Plaintiff as his beneficiary under the Policy.

9. On May 7, 2025, Nathan died of an accidental drug overdose.

10. Plaintiff submitted a timely claim to Lincoln for AD&D benefits.

11. Lincoln denied Plaintiff's claim, asserting it was not payable pursuant to the Policy's "Controlled Substance" exclusion, though there was no evidence that Nathan ingested a controlled substance. Lincoln contended that Nathan should have expected serious injury to occur as the danger of the substance was evidenced by the "complete ban" of its use.

12. Plaintiff appealed Lincoln's decision and provided evidence demonstrating that Nathan's death was accidental. Plaintiff confirmed that the drug referenced by Lincoln - kratom - was not, in fact, a controlled substance nor was it banned in Ohio.

13. In its letter to Plaintiff denying her claim a second time, Lincoln referred to Plaintiff as "Mr. McIntosh's beneficiary" and summarized an opinion from a reviewing doctor that was not shared with Plaintiff in Lincoln's first denial, though it was available

at that time. Lincoln also incorrectly stated that: 1) Nathan suffered from a "seizure disorder"; and 2) Nathan suffered from heart disease and that this diagnosis "caused or contributed to his death."

14. As mandated by the Policy, Plaintiff presented a second appeal, in which definitive and conclusive evidence was provided, including factual summaries from Nathan's treating physician and the coroner who performed Natan's autopsy, that confirmed: 1) Nathan did not have heart disease; 2) Nathan did not suffer from a seizure disorder; 3) kratom is not banned and is widely available for purchase in Ohio; 4) there was no evidence suggesting that Nathan should have known the combination of the medications he was taking was potentially lethal; and 5) the accidental drug overdose was the sole cause of his death, independent of all other causes.

15. Nonetheless, Lincoln again denied Plaintiff's claim. Lincoln did not challenge any of the facts or findings presented by Plaintiff or the doctors in Plaintiff's second appeal; rather, Lincoln summarized the opinions of another physician it paid to review Plaintiff's file, who merely reiterated that Nathan's cause of death was the result of a toxic combination of drugs, the same conclusion reached by the coroner.

16. Lincoln's adjudication of Plaintiff's claim and its decision to deny AD&D benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

a. Lincoln ignored the substantial evidence presented by Plaintiff which demonstrated the accidental drug overdose was the sole cause of death, independent of all other causes;

b. Lincoln relied on the opinions of medical professionals who were financially biased by their relationship with Lincoln and as such were unable to offer unbiased opinions;

c. Lincoln relied on the opinions of medical professionals that were not supported by substantial evidence in the record and were inconsistent with the overall evidence in the record;

d. Lincoln ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

e. Lincoln ignored and/or misrepresented the opinions of Plaintiff's treating physicians;

f. Lincoln violated 29 C.F.R. § 2560.503-1 by changing its denial rationale during the appeals process, depriving Plaintiff of a full and fair review;

g. Lincoln failed to provide Plaintiff with the medical opinions of its reviewing physicians in a timely fashion;

h. Lincoln repeatedly misrepresented established facts and used such misrepresentations as bases to deny Plaintiff's claims.

17. Lincoln abused its discretion in denying Plaintiff's claim.

18. The decision to deny benefits was wrong under the terms of the Plan.

19. The decision to deny benefits was not supported by substantial evidence in the record.

20. Lincoln's failure to provide benefits due under the Plan constitutes a breach of the Plan terms and conditions.

21. Lincoln's denial of benefits under the Plan has caused Plaintiff to incur attorney's fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(l), Lincoln should pay these costs and fees.

22. Plaintiff has exhausted her administrative remedies.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant as follows:

A. A determination that Plaintiff is entitled to AD&D benefits;

B. Prejudgment and post-judgment interest;

C. Attorney's fees and costs of this action; and

D. Such other further relief as the Court determines to be equitable and just.

Respectfully submitted,

*/s/ Todd A. Brenner*

Todd A. Brenner (0051839)
**Brenner Law Offices**
555 Metro Place North
Suite 100
Dublin, Ohio 43017
Phone 614.799.2222
Fax 614.799.2370
*todd@brennerhubblelaw.com*