**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STELLA WINSTEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:26-CV-00240** |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Stella Winstel ("Plaintiff"), Doc #1, and states as follows:

1. Lincoln admits that Plaintiff's spouse Nathan Winstel ("Decedent") was, prior to his death, employed by Insight Direct U.S.A., Inc. ("Insight") and was a participant in the Insight Direct U.S.A., Inc. Group Life Insurance Benefit Plan (the "Life Plan") sponsored by Insight to provide certain benefits to participating, eligible employees of Insight. Lincoln admits that Decedent designated Plaintiff as beneficiary for life benefits under the Life Plan. Lincoln admits that the Life Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"). Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it issued Group Life Insurance Policy Number SA3-890-LF1196-01 (the "Policy") to Insight, which Policy, at certain times, insured benefits paid by Life Plan sponsored by Insight to provide life benefits, including AD&D benefits, to certain of its

employees. Lincoln admits that it is the Claims Administrator of claims for benefits from the Life Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that the Court has jurisdiction over this action under ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff are entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue is proper in this Court. Lincoln denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that Decedent was employed by Insight and was a participant in the Life Plan. Lincoln admits that Insight sponsored the Life Plan to provide life benefits, including accidental death and dismemberment ("AD&D") benefits, to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that it issued the Policy to Insight, which Policy, at certain times, insured benefits for the Life Plan, including AD&D benefits. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that Decedent designated Plaintiff as beneficiary for life benefits under the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that the administrative record regarding Plaintiff's claim for benefits from the Life Plan contains a death certificate and medical records reflecting Decedent's

manner of death, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that Plaintiff submitted a claim for life benefits and AD&D benefits from the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that it sent a letter to Plaintiff dated August 1, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it received a letter dated August 29, 2025, from Plaintiff appealing the denial of Plaintiff's claim for AD&D benefits from the Life Plan under the Policy, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that it sent a letter to Plaintiff dated September 22, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that it received a letter dated December 17, 2025, from Plaintiff's Counsel, appealing the denial of Plaintiff's claim for AD&D benefits from the Life Plan under the Policy, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that it sent a letter dated February 18, 2026, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that Paragraph 16 contains legal conclusions, Lincoln is not required to answer. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits from the Life Plan, and Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies all allegations contained in Paragraph 17 of the Complaint.

18. Lincoln denies all allegations contained in Paragraph 18 of the Complaint.

19. Lincoln denies all allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits from the Life Plan, and Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from the Life Plan along with recovery of attorneys' fees and costs, but denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 21of the Complaint.

22. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of AD&D benefits from the Life Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint

23. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-D thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

24. Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The Policy and other relevant documents grant discretionary authority to Lincoln to determine eligibility for life benefits under the Policy, and Lincoln did not abuse its discretion in making decisions on Plaintiff's claim for benefits from the Life Plan.

3. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

4. To the extent that Plaintiff raises a claim for breach of fiduciary duty against Lincoln, such claim fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

7. Plaintiff's claims for prejudgment interest under state law are preempted by ERISA.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 28th day of April 2026.

Respectfully submitted,

*/s/* David A. Riepenhoff
David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLC**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com

*TRIAL ATTORNEY FOR DEFENDANT LINCOLN LIFE ASSURANCE COMPANY OF BOSTON*

Iwana Rademaekers (Texas Id. No. 16452560)
(*Pro Hac Vice* Motion pending)
**Law Offices of Iwana Rademaekers, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
Email: iwana@rademaekerslaw.com

**CERTIFICATE OF SERVICE**

I certify that on April 28, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Todd A. Brenner
Email: todd@brennerhubblelaw.com

/s/ David A. Riepenhoff
David A. Riepenhoff