**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STELLA WINSTEL,**

**Plaintiff,**

**v.**

**LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

**Civil Action 2:26-CV-00240-MHW-KAJ**

**Chief Judge Michael H. Watson**

**Magistrate Judge Jolson**

**RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on May 19, 2026, and was attended by:

Todd Brenner , counsel for Plaintiff, Stella Winstel,

and

Iwana Rademaekers, counsel for Defendant, The Lincoln National Life Insurance Company.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes __X__No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

_____Yes _____No ___X__The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by__________.

3. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

_____Yes __X__No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _______.

4. PARTIES AND PLEADINGS

a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by 6/9/2026.

b. If the case is a class action, the parties agree that the motion for class certification shall be filed by n/a.

5. MOTIONS

a. Are there any pending motion(s)?

_____Yes __X__No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

b. Are the parties requesting expedited briefing on the pending motion(s)?

_____Yes _____No

If yes, identify the proposed expedited schedule:

Opposition to be filed by__________; Reply brief to be filed by__________.

6. ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

Plaintiff seeks payment of life insurance benefits under an ERISA-governed employee welfare benefit plan insured by Defendant. Plaintiff brings her claim under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). There is no jury demand. Plaintiff may seek limited discovery pertaining to Defendant's alleged conflict of interest, though Defendant believes discovery is not warranted in this case. Defendant will produce a copy of the administrative record to the Plaintiff by June 16, 2026. Defendant will file the administrative record with the court by July 28, 2026.

7. DISCOVERY PROCEDURES

a. The parties agree that all discovery shall be completed by August 31, 2026. The parties to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

b. Do the parties anticipate the production of ESI?______Yes ___X__No

If yes, describe the protocol for such production:

c. Do the parties intend to seek a protective order or clawback agreement? No

If yes, such order or agreement shall be produced to the Court by__________.

8. DISPOSITIVE MOTIONS

a. Dispositive motions shall be filed consecutively:

Cross Motions for Judgment on Administrative Record due by September 25, 2026.

Responses to Cross Motions for Judgment due by October 23, 2026.

b. Are the parties requesting expedited briefing on dispositive motions?

_____Yes __X__No

If yes, identify the proposed expedited schedule:

Opposition to be filed by__________; Reply brief to be filed by__________.

9. EXPERT TESTIMONY

a. Primary expert reports must be produced by__________n/a.

b. Rebuttal expert reports must be produced by__________n/a.

10. SETTLEMENT

Plaintiff(s) will a make a settlement demand by June 30, 2026. Defendant will respond by July 14, 2025. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year: August_______2026.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

_____Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place ____________ in chambers_______by telephone.

X___ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. OTHER MATTERS

Indicate any other matters for the Court's consideration: None.

Signatures:

Attorney for Plaintiff:

*/s/ Todd Brenner,* by permission
Trial Counsel for Stella Winstel
Ohio Bar #0051839

Attorney for Defendant:

*/s/ Iwana Rademaekers*
Trial Counsel for Lincoln Life
Assurance Company of Boston
Texas Bar # 16452560
Admitted *Pro Hac Vice*

*/s/ David S. Riepenhoff*, by permission
Counsel for Lincoln Life
Assurance Company of Boston
Ohio Bar # 0075089

Date: May 19, 2026